·(6 Misc. Rep. 263.)

### HEADEFIN v. COOPER et al.

(City Court of Brooklyn, General Term. December 26, 1893.)

MASTER AND SERVANT—FELLOW SERVANTS.

　Neglect of a servant to whom the master had delegated the duty of inspecting machinery to perform his duty, in consequence of which another servant working at a machine is injured, is the act of a fellow servant with the one injured.

Appeal from trial term.

Action by Elizabeth S. Headefin, administratrix, against G. Duane Cooper and John McKee. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before CLEMENT, C. J., and VAN WYCK, J. ·

Dailey, Bell & Crane, for appellant.

Jackson & Burr, for respondents.

CLEMENT, C. J. The plaintiff brought this action under the statute for the benefit of the next of kin of Louis Headefin, deceased, who was killed in the planing mill of the defendants, and at the time was in their employ. Headefin, of the age of 19 years, had worked in the mill for a period of six months, and sustained fatal injuries by the breaking of a belt in use on a planer. Assuming that the belt was weak and rotten, such fact must have been known to Devlin, who had charge of the machine, and to the deceased. The master had provided other belts, and had delegated the duty of inspection to Devlin, for whose neglect so to inspect the defendants were not liable. Cregan v. Marston, 126 N. Y. 568, 27 N. E. 952. If the belt was defective, and not fit for use, the defendants relied on Devlin to report its condition, and his acts were those of a fellow servant of Headefin. If the deceased knew the belt was rotten and unsafe, he accepted the service subject to the risk. Sweeney v. Envelope Co., 101 N. Y. 520, 5 N. E. 358. The statement of Headefin before his death, that he had reported it many times, would seem to show that if the belt was weak the deceased knew all about it. The case of Harley v. Manufacturing Co., (Sup.) 15 N. Y. Supp. 37, is not in point, as the plaintiff in that case "had been but a few days employed in the mill, and knew nothing of what was necessary to the safety of the machinery." Judgment affirmed, with costs.